Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> LUCY & CO BEAUTY LLC and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. **'25CV0693 RSH SBC** <br><br> **COMPLAINT FOR** <br> **(1) COPYRIGHT INFRINGEMENT** <br> **(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

1
**COMPLAINT**

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6. Defendant, Lucy & Co Beauty LLC ("Lucy & Co" or "Defendant") is a California limited liability company with a principal place of business in San Diego, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are

ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Angelia, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from his work without permission.

12. Williams' works often contain a watermark of her previous Instagram handle "@tamarawilliams1" or, alternatively, her updated Instagram handle "@tamarawilliams" ("Plaintiff's Watermark").

3
**COMPLAINT**

13. Tamara Williams is the sole author and exclusive rights holder to a close-up beauty photograph which is the subject of this suit ("Angelia Photograph"). Williams' Angelia Photograph as originally published contained Plaintiff's Watermark.

14. Attached hereto as Exhibit A is a true and correct copy of Angelia Photograph.

15. Tamara Williams registered Angelia Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date of Registration of July 13, 2021.

16. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-259-542.

17. Defendant Lucy & Co is a cosmetic company whose foremost product offering is a medical-grade lip plumper, which is sold both online and in aesthetic medical practices. *See generally* lucycobeauty.com.

18. According to the California Secretary of State website, Lucy & Co's business license was suspended by the franchise tax board.

19. Attached hereto as Exhibit C is a true and correct screenshot of the California Secretary of State website showing the current administrative status of Lucy & Co.

20. Upon information and belief, Lucy & Co continues to operate regardless of their current administrative status, which can be seen in their active website, products for sale, and recent posts on Instagram.

21. Attached hereto as Exhibit D are true and correct screenshots showing Defendant's active website homepage and online product offerings as of March 24, 2025.

22. Lucy & Co manages, operates, and controls the Instagram account @lucycobeauty www.instagram.com/lucycobeauty ("Defendant's Instagram Account").

23. On information and belief, Defendant's Instagram Account generates content in order to promote Defendant's products, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

24. On or about November 13, 2024, Tamara Williams discovered her Angelia Photograph copied and published on Defendant's Instagram Account with a long caption detailing how to apply their lip plumper, what to expect, and how the product works. ("Infringing Post").

25. Attached hereto as Exhibit E are true and correct screenshots of Defendant's Instagram Account showing the Infringing Post.

26. In the Infringing post, it can be seen that Plaintiff's Watermark has been intentionally covered and/or blurred. *See* Exhibit E.

27. Tamara Williams has never at any point granted Lucy & Co a license or other permission to copy, display, distribute, or otherwise use the Angelia Photograph in the Infringing Post on Defendant's Instagram account or elsewhere.

28. Lucy & Co, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Angelia Photograph to Defendant's Instagram Account without Tamara Williams' consent or authorization.

29. Soon after discovering the Infringing Post, Tamara Williams, through counsel, reached out to Defendant to have the Angelia Photograph removed and to attempt to resolve this matter without court intervention, but Defendant was not responsive to Plaintiff's efforts.

30. As of March 21, 2025, the Infringing Post is still displayed on Defendant's Instagram Account.

31. Attached hereto as Exhibit F are true and correct screenshots of Defendant's Instagram Account showing the continued use as of March 21, 2025.

32. Tamara Williams has never at any point given Lucy & Co a license or other permission to display, copy, distribute or otherwise use the Angelia Photograph in the Infringing Post on Defendant's Instagram account or on any other website or platform.

33. Lucy & Co (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Angelia Photograph to Defendant's Instagram Account without Tamara Williams' consent.

34. On information and belief, Defendant's use of the Angelia Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Angelia Photograph on Defendant's Instagram Account or in any other way.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

35. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Angelia Photograph.

37. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Angelia Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Angelia Photograph without Plaintiff's consent or authority, by using them in the Infringing Posts and failing to remove the Angelia Photograph when notified of the misuse.

38. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

39. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable

attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

40. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

41. Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control copied and uploaded the Angelia Photograph to Defendant's Instagram Account without Tamara Williams' consent or authorization.

42. Lucy & Co (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Angelia Photograph onto Defendant's Instagram Account because Lucy & Co knew it did not have permission to use the Angelia Photographs.

## SECOND CAUSE OF ACTION
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

43. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendants (including its employees, agents, contractors or others over whom he has responsibility and control) knowingly and intentionally removed copyright management information related to the Angelia Photograph.

45. Specifically, Defendants made unauthorized copies of the Angelia Photograph, and knowing it was not the rightful copyright owner and did not have

permission from the owner of the Angelia Photograph, removed Plaintiff's Watermark from the Angelia Photograph before publishing the Angelia Photograph to Defendant's Instagram Page with the Infringing Post.

46. Attached hereto as Exhibit G is a true and correct copy of Plaintiff's Angelia Photograph, showing Plaintiff's Watermark, side by side with a true and correct copy of Infringing Post, zoomed in, showing where Defendant blurred or intentionally cropped out Plaintiff's Watermark.

47. Defendant's conduct was knowing and intentional because Defendant knew that they were not the copyright owner of the Angelia Photograph; Defendant knew they had not licensed the Angelia Photograph for use on the Defendant's Instagram or any other platform; and Defendants knew they did not have consent to use the Angelia Photograph for use on the Defendant's Instagram Account.

48. Defendants conduct constitutes a violation of 17 U.S.C. § 1202(b).

49. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Williams has sustained significant injury and irreparable harm.

50. As a result of Defendant's violation of 17 U.S.C. § 1202(b), Williams is entitled to any actual damages and profits attributable to the violation of 17 U.S.C. § 1202(b), or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in

the Angelia Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For a finding that Defendants intentionally removed copyright management information on the Angelia Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(b);

- For an award of statutory damages for each violation of § 1202(b), pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 24, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated:     March 24, 2025            Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*