UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA,<br><br>         Plaintiff,<br><br>v.<br><br>LUCY & CO BEAUTY LLC et al.,<br><br>         Defendants. | Case No.: 25-cv-693-RSH-SBC<br><br>**ORDER GRANTING MOTION TO ALLOW SUBSTITUTE SERVICE AND GRANTING MOTION FOR EXTENSION OF TIME**<br><br>[ECF No. 14] |

On August 22, 2025, Plaintiff filed a second renewed motion to allow substitute service for the only named defendant, Lucy & Co. Beauty LLC ("Lucy & Co.").[1] ECF No. 14. Plaintiff's motion also seeks an extension of time to effectuate service.

Federal Rule of Civil Procedure 4(e) permits service upon an individual pursuant to the law of the state in which the district is located. The California Corporations Code provides that personal service on a limited liability company's ("LLC") designated agent constitutes valid and effective service of the LLC. *See* Cal. Corp. Code § 17701.16(b). If the registered agent cannot be found at the designated address, and the court is shown by affidavit that an LLC cannot with reasonable diligence be served in another manner

---

[1] The Court previously denied Plaintiff's initial motion to allow substitute service as well as her first renewed motion to allow substitute service, but on each occasion extended Plaintiff's time to effectuate service. ECF Nos. 8, 10.

1

authorized by the California Civil Procedure Code, the court may order that service shall be made by delivering a copy of the process and the court order to the Secretary of State or the Secretary's designee. *See* Cal. Corp. Code § 17701.16(c). Such service is deemed effective ten (10) days after delivery of process to the Secretary of State. *Id.*

Lucy & Co. is an LLC that, according to the website of the Secretary of State, has designated Jill Clifton as the company's agent for service of process. That website lists two addresses for Ms. Clifton, including an apartment address and a post office box. Plaintiff has made four unsuccessful attempts at personal service of Ms. Clifton at the apartment address. ECF No. 14-1 at ¶ 14. Plaintiff has also attempted service by mail at that address, but Plaintiff's mail was returned by the U.S. Postal Service on the grounds that the forwarding order associated with that apartment address was no longer valid. *Id.* at ¶ 31. Plaintiff has also attempted service by mail on the P.O. Box, but Plaintiff's mail was returned by the U.S. Postal Service on the grounds that that box is vacant. *Id.* at ¶ 42. Plaintiff has been unable to locate any other address for Lucy & Co. or for Ms. Clifton.

Based on the declaration attached to Plaintiff's motion, the Court concludes that Lucy & Co.'s designated agent cannot be found at the address provided by Lucy & Co., and that Plaintiff in the exercise of reasonable diligence is unable to otherwise effectuate service on Lucy & Co. or on Ms. Clifton pursuant to Cal. Civ. Proc. Code §§ 415.10 (personal service), 415.20(a) (substitute service), or 415.30(a) (service by mail).

Accordingly, the Court **GRANTS** Plaintiff's motion and authorizes Plaintiff to effectuate service of process by delivery on the Secretary of State or the Secretary's designee pursuant to Cal. Corp. Code § 17701.16(c). Plaintiff shall make such delivery and file proof of compliance within fourteen (14) days of the date of this order, and Plaintiff's time to effectuate service is extended consistent with this deadline.

**IT IS SO ORDERED**.

Dated: August 28, 2025

Hon. Robert S. Huie
United States District Judge