Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LUCY & CO BEAUTY LLC and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 3:25-cv-693-RSH-SBC<br><br>**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**<br><br><u>**Filed and Served Concurrently:**</u><br>1. [Proposed] Order for Judgment<br>2. Declaration of Mathew K. Higbee<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

COMES NOW Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams"), by and through her undersigned counsel motions this honorable court to enter a Final Judgment of Default against Defendant Lucy & Co Beauty LLC ("Lucy & Co" or "Defendant"). Default has been entered against Defendant by the Clerk of Court for failure to answer or otherwise defend the instant suit on October 1, 2025. *See* ECF 18. Plaintiff requests this Court award all relief requested herein against Defendant, and in support thereof states as follows.

1

**MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

This is a copyright infringement lawsuit arising from Defendant Lucy & Co's unauthorized use of a photograph owned by Plaintiff Williams. Plaintiff is a professional photographer specializing in beauty and fashion photography. *See* Complaint ¶9. Plaintiff is the owner and exclusive rights holder of a close-up beauty photograph of a woman's face partially covered by her hair ("Angelia Photograph"). *See* Complaint ¶13, Exhibit A. The Angelia Photograph was originally published with Plaintiff's Instagram username, @tamarawilliams1, in the model's hair to denote Plaintiff as the author of the Angelia Photograph ("Plaintiff's Watermark"). *See* Complaint ¶10, 12, Exhibit A. Williams registered the Angelia Photograph with the United States Copyright Office under Registration Number VA-2-259-542 with an Effective Date of Registration of July 13, 2021. *See* Complaint, Exhibit B.

Lucy & Co is a California limited liability company with a principal place of business in San Diego, California. Lucy & Co manages, operates, and controls the Instagram account @lucycobeauty www.instagram.com/lucycobeauty ("Defendant's Instagram Account"). On or about November 13, 2024, Williams discovered her Angelia Photograph being used in a post on Defendant's Instagram Account with a long caption detailing how to apply their lip plumber, what to expect, and how the product works ("Infringing Post"). *See* Complaint ¶24, Exhibit E. In the Infringing Post, Defendant has cropped the Angelia Photograph so that Plaintiff's Watermark is

partially cut off, with the remainder blurred out Plaintiff's Watermark so it is no longer visible in the Infringing Post. *See* Complaint ¶26, Exhibit E.

Plaintiff Williams has no record of her Angelia Photograph being licensed to Defendant, nor has Plaintiff granted permission to Defendant to copy or publicly display her Angelia Photograph on Defendant's Instagram Account, or any other platform. *See* Complaint ¶27.

On March 24, 2025, Plaintiff filed a Complaint alleging Copyright Infringement and Removal of Copyright Management Information against Defendant Lucy & Co. *See* ECF 1. Defendant was properly served with Summons and Complaint through the California Secretary of State on September 8, 2025. *See* ECF 15, 16. Defendant failed to respond. Plaintiff moved for Entry of Default on September 30, 2025, and the Court granted the Motion on October 1, 2025. *See* ECF 17, 18.

Defendant is a California limited liability company and is not an infant or incompetent person. Counsel is also informed and believes the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. Plaintiff seeks default judgment for her claims for copyright infringement and removal of copyright management information Defendant, an award of damages pursuant to 17 U.S.C. § 504, an award of damages pursuant to 17 U.S.C. § 1203, an award of Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, prejudgment interest, and an injunction pursuant to 17 U.S.C. § 502 permanently enjoining Defendant from further infringement.

## II. PLAINTIFF IS ENTITLED TO THE REQUESTED RELIEF

### A. Legal Standard for Default Judgment

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. First, the moving party must request a certificate of default be entered by the Clerk of Court. Fed. R. Civ. P. 55(a). Second, the moving party must apply to the court to enter a default judgment. Fed. R. Civ. P. 55(b). Certificate of Default has been entered by the Clerk in this action at the request of the Plaintiff. *See* ECF 18. Defendant has not appeared through counsel to set the entry of default aside. Plaintiff now seeks an entry of default Judgment by the Court in accordance with Federal Rule of Civil Procedure 55(b).

In *Eitel v. McCool*, the Court set forth seven factors to be considered when evaluating a motion for entry of default Judgment. These factors are "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). While the decision to grant a default judgment is left to the discretion of the Court, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Tele Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987). While a plaintiff must "prove up" damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entm't Group Inc. v. Bryant*, No. CV 03-6381GAF (JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004). While the decision to grant a default judgment is left to the discretion of the Court, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Plaintiff has satisfied the procedural requirements of the Federal and Local Rules, and the Eitel factors weigh in favor of entering default judgment.

**B. The Procedural Requirements for Default Judgment are Satisfied**

The requirements of Federal Rule of Civil Procedures 55(b)(2) and Local Rules have been met. On March 24, 2025, Plaintiff filed a Complaint alleging Copyright Infringement and Removal of Copyright Management Information against Defendant Lucy & Co. *See* ECF 1. Defendant failed to respond. Plaintiff moved for Entry of Default on September 30, 2025, and the Court granted the Motion on October 1, 2025. *See* ECF 16, 17. Defendant is a California limited liability company and is not an infant or incompetent person. Counsel is also informed and believes the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply.

### C. The Allegations of the Complaint, Taken as True, Establish Defendant's Liability for Copyright Infringement and Removal of Copyright Management Information

As noted, after the Clerk enters default the factual allegations in the Complaint shall be taken as true. *Heidenthal*, 826 F.2d at 917-18.

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The second element requires a plaintiff to allege that "the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

Plaintiff's Complaint states that Williams is the author of the Angelia Photograph, owns a valid copyright of the Angelia Photograph, and that the Angelia Photograph is registered with the United States Copyright Office. *See* Complaint ¶13, 15, Exhibits A, B. This satisfies the first element of copyright infringement, as the allegation must be taken as true. *Heidenthal*, 826 F.2d at 917-18.

Plaintiff's Complaint also states that Defendant used the Angelia Photograph on their Instagram Account, Plaintiff did not have any record of Defendant having a license or permission to do so, and that Defendant's use of the Angelia Photograph was deliberate and willful. Plaintiff also included, as Exhibits to the Complaint, copies of both the original Angelia Photograph as published, and screenshots of the

Defendant's infringing use. Considered together, these exhibits show the images appear identical. *See* Complaint, Exhibits A, D. This satisfies the second element of copyright infringement, as the allegations must be taken as true. *Heidenthal* at 917-18

With regards to Plaintiff's allegations of removal of copyright management information, 17 U.S.C. § 1202(b) states that "No person shall, without the authority of the copyright owner or the law, intentionally remove or alter any copyright management information." Plaintiff stated in the Complaint that the Angelia Photograph was originally published with and contained Plaintiff's Watermark within the model's hair. Defendant cropped the Angelia Photograph and blurred out Plaintiff's Watermark, therefore concealing/removing Plaintiff's copyright management information, and did so knowingly and intentionally. *See* Complaint ¶12-13, 26, 44-45, Exhibits A, G. Taking Plaintiff's allegations as true, Defendant's liability for removal of copyright management information has been adequately proven.

**D. The Eitel Factors Warrant Entry of Default Judgment**

As previously noted, *Eitel v. McCool* set forth seven factors for courts to consider when ruling on a motion for default. These factors are: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-72

(9th Cir. 1986).

*(1) Possibility of Prejudice:* Plaintiff will be prejudiced if default is not granted, as she will have exhausted all remedies for her claims without having been compensated for the damages suffered by Defendant's actions.

*(2) Merits of Claim and (3) Sufficiency of Complaint:* The second and third factors, merits of claim and sufficiency of Complaint, "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Plaintiff has sufficiently stated her claim for relief as discussed above.

*(4) Amount at Stake:* Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. The Copyright Act allows for a certain amount of statutory damages per work infringed via 17 U.S.C. § 504(c). This amount increases when the infringer's conduct is found to be willful. See 17 U.S.C. § 504(c)(2). Plaintiff also is entitled to its reasonable attorneys' fees. 17 U.S.C. § 505; see *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006). In addition, courts have consistently held that a statutory damages award utilize a multiplier of the amount that the plaintiff would have received in licensing fees is appropriate under § 504(c). See *Michael Grecco Productions, Inc. v. WrapMarket*, LLC, 2017 WL 10434020, at *5 (C.D. Cal., 2017). As a result of Defendant's unlawful conduct, Plaintiff prayed for injunctive relief, statutory damages, and reasonable attorneys' fees

and costs. Because Defendant's conduct was willful Plaintiff seeks $21,900 in damages, which is commensurate with the Plaintiff's licensing history with the typically applied multiplier.

**(5) Possibility of Dispute Regarding Material Fact:** The fifth *Eitel* factor requires the Court to consider the possibility of a dispute as to a material fact. *Eitel*, 782 F.2d at 1471-72. As a threshold matter, there is no possible dispute concerning the material facts because the factual allegations of Plaintiff's Complaint are taken as true. *Marcelos v. Dominguez*, No. C 08-00056 WHA, 2009 WL 230033, at *4 (N.D. Cal. Jan. 29, 2009). In any event, the facts alleged in the Complaint are straightforward, confirmed by Plaintiff's investigation and the screenshots attached to the Complaint, and are not subject to reasonable dispute.

**(6) Possibility of Excusable Neglect:** Under the sixth *Eitel* factor, the Court considers whether Defendant's default resulted from excusable neglect. *Eitel*, 782F.2d at 1471-72. Defendant failed to answer or file a responsive pleading despite notice of this action and the infringing conduct. *See* Declaration of Mathew K. Higbee ¶16-19 ("Higbee Decl."). Defendant's conduct is not excusable, because it was served with process, yet never made any attempt to file a responsive pleading. Id.; see *Meadows v. Dom. Rep.*, 817 F.2d 517, 521 (9th Cir. 1987).

**(7) Possibility for Deciding Case on the Merits:** The final *Eitel* factor considers the preference for deciding cases on the merits. Eitel 782 F.2d at 1471-72. "However, this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise

default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d at 1073. Here, the only reason this lawsuit cannot proceed to the merits is because the Defendant, after notice of these proceedings, failed to appear through counsel to defend this action.

For those stated reasons, the weight of the *Eitel* Factors is in favor of granting default Judgment against Defendant Lucy & Co.

### III. PLAINTIFF'S REQUESTED RELIEF IS APPROPRIATE

**A. Plaintiff is Entitled to an Award of Statutory Damages**

Section 504(c)(1) of the Copyright Act provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work ... in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If, as here, the infringement is willful, the award may be increased to $150,000 for each work infringed. 17 U.S.C. § 504(c)(2).

"Under the current Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available." *4 Nimmer*, § 14.04[A], at 14-66; see also *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham,*

*Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001), ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits."); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement").

Willfulness is indisputable because the Complaint's pleaded allegation of willfulness is conclusively deemed true upon default. See *Rodgers v. Anders* 2005 WL 950021, *3 (S.D.N.Y. Apr. 26, 2005) ("In this case, defendants have defaulted and by virtue of their default, are deemed to be willful infringers."); *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (since plaintiff "alleged (and, by virtue of the entry of default, proved) willful infringement by [defendant], [plaintiff] is entitled to received [sic] enhanced statutory damages in an amount not to exceed $150,000" per infringement).

Plaintiff seeks a statutory damages award of $19,400 commensurate with her past licensing history as well as the fact that the infringement by Defendant is willful. Plaintiff previously licensed her work for commercial use in a single-nation market for one month at a price of $9,700. *See* Higbee Decl. ¶27, Exhibit E. The requested amount of statutory damages is two times this amount, which is well within the range set forth in the copyright statute, and serves as a deterrent for future infringements. See 17

U.S.C. § 504(c)(2)(willful infringement qualifies for a statutory award up to $150,000).

Courts have consistently held that a statutory damages award utilizing a multiplier of the amount that the plaintiff would have received in licensing fees is appropriate under § 504(c), and Plaintiff believes it is appropriate in this case. See *Michael Grecco Productions, Inc. v. WrapMarket*, LLC, 2017 WL 10434020, at *5 (C.D. Cal., 2017).

Additionally, the Digital Millenium Copyright Act ("DMCA") allows for recover of statutory damages ranging from $2,500 to $25,000 for each violation of 17 U.S.C. § 1202. 17 U.S.C. § 1203(c)(3). Plaintiff has also established that it is entitled to damages for Defendant's violation of 17 U.S.C. § 1202(b). Plaintiff requests $2,500 for the violation, which is the statutory minimum. This brings Plaintiff's requested statutory damage award to a total of $21,900.

This amount is sufficient to compensate Plaintiff and to punish and deter in light of Defendant's willful conduct, while at the same time falling within the lower range of a permissible statutory award so as not to give Plaintiff an undue windfall.

**B. Plaintiff is Entitled to Reasonable Costs and Fees**

As the "prevailing party," Plaintiff is entitled to an award of attorneys' fees and "full costs." 17 U.S.C. § 505; see *Streeter*, 438 F. Supp. 2d at 1074 (plaintiff securing default judgment is "prevailing party"). Plaintiff is entitled to an award of attorneys' fees in the amount of $5,355. *See* Higbee Decl. ¶ 32-39, Exhibits F-H.

Plaintiff also seeks costs of $668.20. *Id*.

### C. Plaintiff is Entitled to Injunctive Relief to Restrain Future and Continuing Infringement

Section 502(a) of the Copyright Act provides: "Any court having jurisdiction of a civil action arising under this title may . . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "The Copyright Act allows a court to grant an injunction in addition to monetary remedies . . .Courts have granted injunctive relief even in situations of default." (*Amini Innovation Corp. v. KTY Int'l Mktg.* (C.D.Cal. 2011) 768 F.Supp.2d 1049.) See also <u>Lifted Research Group, Inc. v. Salem</u>, Case No. C-08-4497 SC, 2009 U.S. Dist. LEXIS 44850, 2009 WL 1371416 at *1 (N.D. Cal. May 15, 2009); <u>Jackson v. Sturkie</u>, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003).

As of October 24, 2025, Plaintiff's Angelia Photograph is still posted on Defendant's Instagram Account. *See* Higbee Decl. ¶14, Exhibit D. Upon information and belief, the infringement began in January 2024. This is based on the date of the Infringing Post, which is still active on Defendant's Instagram Account. *See* Higbee Decl., Exhibit D.

Defendant has failed to remove the Angelia Photograph. It reasonably follows that Defendant will continue the infringing activity unless ordered otherwise. Therefore, Plaintiff believes injunctive relief is necessary to restrain Defendant from continuing to infringe upon Plaintiff's copyright through display the Angelia Photograph.

## IV. CONCLUSION

For all of the reasons set forth above, Plaintiff respectfully requests that she be awarded a total of $27,923.20, comprising of $21,900 in statutory damages, $5,355 in attorneys' fees, $668.20 in costs, post-judgment interest at .70% per annum, and that Defendant be permanently enjoined from further infringing conduct.

Dated:   October 28, 2025                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to the within action.

On October 28, 2025 I served the foregoing documents, **MOTION FOR DEFAULT JUDGMENT, DECLARATION OF MATHEW K. HIGBEE, and [PROPOSED] ORDER OF JUDGMENT** on Defendant as follows:

(BY MAIL) I deposited an envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon, fully prepaid, and addressed to the person below:

LUCY & CO BEAUTY LLC
ATTN: JILL CLIFTON
3835 ELIJAH CT UNIT 526
SAN DIEGO, CA 92130-6006

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 28, 2025 at Santa Ana, California.

Dated: October 28, 2025            Respectfully submitted,

**/s/Diana Ramirez**
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 fascimile